MARGARET R. PETERSON, Respondent, v. ANNA NATHANSON and Another, Appellants. FRANK J. PETERSON, Respondent, v. ANNA NATHANSON and Another, Appellants.— Judgments unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

PRESIDENT AND DIRECTORS OF THE MANHATTAN COMPANY and DANIEL E. FINN, as Sheriff of the County of New York, Respondents, v. THE CITY OF NEW YORK and Others, Defendants, and AMERICAN SURETY COMPANY OF NEW YORK, Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. The surety seeking to become a party had an interest in the subject-matter, possibly contingent, but based on an equitable lien on the funds in the hands of the comptroller of the city not paid on the original contract. (*Scarsdale Nat. B. & T. Co.* v. *U. S. F. & G. Co.*, 264 N. Y. 159.) If in the course of the action it should be held that such funds have not been properly disbursed by the city, then they would need to be restored and the lien would be revived. Even if we were to hold that the appellant was not entitled to be joined as a party as a matter of right, it should be brought in as an exercise of discretion to the end that the controversy should be settled as to all parties in a single action. Lazansky, P. J., Carswell, Tompkins and Davis, JJ., concur; Kapper, J., concurs in result.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIAN GARCIA, Appellant.— Judgment of conviction of the Court of Special Sessions of the City of New York, Borough of Brooklyn, and order denying motion for a new trial on the ground of newly-discovered evidence unanimously affirmed. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Tompkins, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MURRAY E. LEWIN, Respondent.— Order of the County Court of Kings county dismissing the indictment, discharging defendant and exonerating his bail affirmed. The district attorney is directed to resubmit the case pursuant to the provisions of section 327 of the Code of Criminal Procedure. No opinion. Lazansky, P. J., Kapper and Tompkins, JJ., concur; Carswell and Davis, JJ., dissent and vote to reverse, on the law and the facts, the order of the County Court dismissing the indictment, to deny the motion and reinstate the indictment, with the following memorandum: Assuming, without deciding, that there was illegal evidence before the grand jury, the fact remains that there was ample legal evidence to sustain the indictment, and, therefore, the motion to dismiss should have been denied. It is not the proper function of the court to pass upon the credibility of excusatory matter that may have been before the grand jury. That is a matter for the grand jury in the first instance, and for a petit jury when the trial on the indictment is had. The excusatory matter invoked herein, as an abstract proposition of law, did not constitute to the jury a defense of perjury. (*People ex rel. Hegeman* v. *Corrigan*, 195 N. Y. 1, 13.) Whether it should be deemed sufficient defense as a fact is for a jury, unless the district attorney, in the exercise of his function and on his own responsibility, sees fit to move in open court for a dismissal of the indictment, giving his reasons therefor, founded on his experience in respect of such matters.